IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER DWAYNE McGEE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | No. CIV-06-807-R |
| ) | |
| **HASKELL HIGGINS, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus, challenging his conviction in Case No. CF-2001-20, District Court of Stephens County.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  Respondent has filed a response to the petition and has attached relevant state court documents.[1]  Petitioner has filed a reply to the response and thus, the matter is at issue.  For the reasons set forth below, it is recommended that the petition be denied.

Procedural Background

A summary of the procedural history leading to the present habeas action is necessary.  In January 2001 Petitioner was charged in the District Court of Stephens County with two counts of distribution of a controlled dangerous substance (Counts One

---

[1] Petitioner has attached many of the documents involved in his criminal case and post-conviction proceedings and Respondent has attached certain other relevant state court documents and refers to Petitioner's exhibits as well. Respondent states that the following additional state court documents are available but have not been filed in this Court as they do not appear relevant:  two volumes of jury trial transcript; transcript of the January 23, 2002, hearing on Petitioner's motion to withdraw pleas; transcript of a motion hearing held April 7, 2004 and a transcript of the May 4, 2004, sentencing hearing following jury trial.  Because the undersigned finds that the instant case may be resolved on the record before the Court, no further state court documents are required.

and Three), and two counts of conspiracy to distribute a controlled dangerous substance (Counts Two and Four). Petition, Ex. E (Information filed in Case No. CF-2001-20, District Court of Stephens County).[2] A subsequently filed supplemental information charged Petitioner with three prior felony convictions. *See* Petition, Ex. C. at 1. On November 21, 2001, Petitioner appeared in the district court with counsel and entered a plea of guilty to all four counts pursuant to a plea agreement that the State would drop the second page, included in the supplemental information. At that proceeding, the trial court acknowledged the plea bargain, stating that there would be "no enhancer." Response, Ex. 14 at 2-3. At the sentencing hearing held January 7, 2002, however, the trial court sentenced Petitioner to thirty years imprisonment on each count, to be served concurrently with each other, stating that Petitioner's sentences were based in part on his prior criminal history which included three felony convictions. Response, Ex. 13 at 5-6. Petitioner sought to withdraw his guilty pleas, but following a hearing on the matter, the trial court denied the motion to withdraw. *See* Petition, Ex. C at 3 (OCCA Order Directing the State to File a Response Brief, Case No. C-2002-946). Petitioner ultimately filed a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA), arguing in part that he should be allowed to withdraw his guilty plea and proceed to trial because the pleas were not knowingly and voluntarily entered as they were based on a mistaken

---

[2] The record indicates that Counts One and Two were based upon a sale of cocaine on August 23, 2000, and Counts Three and Four were based on a sale of cocaine on September 19, 2000. Petition, Ex. E (Information); Ex. F (Affidavit by Jimmie Richey, City of Duncan police officer and member of District Six Narcotics Task Force); and Ex. C at 1 n.1 (Oklahoma Court of Criminal Appeals Order Directing the State to File a Response Brief, Case No. C-2002-946).

understanding regarding the applicable punishment range.[3] Response, Ex. 8 at 13-18

(relying on *Santobello v. New York*, 404 U.S. 257, 260 (1972)[4]). On April 29, 2003, the

OCCA ordered the State to file a response and noted the following issue:

> The status of the guilty plea in regard to the "second page" is a matter of dispute. The Plea of Guilty/Summary of Facts form contains conflicting statements about whether McGee was pleading guilty to the AFCF charges. Yet at the change of plea hearing, McGee's counsel noted that "[t]he State has agreed to drop the second page, the Supplemental charging him with that," and the State did not disagree with or challenge this representation.
> On January 7, 2002, McGee was sentenced to imprisonment for 30 years . . . with the imprisonment terms to be served concurrently. The State emphasized McGee's prior convictions during the sentencing hearing, and the trial court specifically informed McGee that his "past record" was a factor in his sentence. The Judgment and Sentence specifically notes that McGee is being sentenced after "**two or more** prior felony convictions" and that his sentence "has been enhanced in accordance with the provisions set forth in 21-51."

Petition, Ex. C at 2-3 (OCCA Order Directing the State to File a Response Brief, Case No.

C-2002-946) (footnotes omitted). In response, the State filed a notice with the OCCA,

confessing error with respect to the breached plea bargain and suggesting that Petitioner

be allowed "an opportunity to withdraw his pleas and restored to the same position that

he was in at the time of the initial charges." Response, Ex. 9 at 3. By summary opinion

entered July 1, 2003, the OCCA granted the petition for a writ of certiorari and remanded

---

[3]Petitioner also raised claims based on ineffective assistance of trial counsel and double jeopardy. Response, Ex. 8 at 7 and 19.

[4]In *Santobello*, the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262. The Court has subsequently held that *Santobello* does not apply to every rescinded government promise. Rather, it applies only to those promises that induce a defendant to plead guilty. *See Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984). Under *Santobello*, the appropriate remedy for the government's breach of a plea agreement is either specific performance of the agreement or an opportunity to withdraw the plea. *See Santobello*, 404 U.S. at 263.

the case to the district court with directions to allow Petitioner to withdraw his pleas of guilty based on its finding that Petitioner had made a plea agreement with the State that it would dismiss the second page of the information in return for Petitioner's guilty pleas and the record indicated the district court enhanced Petitioner's sentence based upon his prior convictions.  Response, Ex. 10 at 2-3 (OCCA Summary Opinion Granting Petition for Certiorari, Case No. C-2002-946).

Thereafter, Petitioner appeared with counsel in the state district court and elected to withdraw his guilty pleas and enter pleas of not guilty to the original four counts charged.  Response, Exs. 11 and 12.  At a jury trial held in state court on April 26 and 27, 2004, Petitioner was convicted of distribution of a controlled dangerous substance (cocaine) (Count Three) and conspiracy to distribute a controlled dangerous substance (Count Four), both after former conviction of two or more felonies.[5]  Response, Ex. 3 at 1 and 4 (OCCA Summary Opinion, Case No. F-2004-527); *see also* Response, Ex. 5 at 2, ¶ 3. (Stephens County District Court Order of Summary Disposition, dated March 20, 2006).  In accordance with the jury's recommended verdict, Petitioner was sentenced to twenty years of imprisonment and fined $10,000.00 on each count, and the trial court ordered the sentences to be served consecutively.  *Id.*

---

[5]The OCCA's summary opinion on direct appeal from these convictions noted that Counts One and Two, which alleged distribution of and conspiracy to distribute on a separate date, had been dismissed during the course of the trial. Response, Ex. 3 at 1 n.1.

Petitioner filed a direct appeal,[6] asserting, *inter alia*, (1) there was insufficient evidence to support his conviction of conspiracy to distribute a controlled dangerous substance; (2) he was denied due process of law because he was forced to choose between his constitutional right to a jury trial and his right to present mitigating evidence to the jury to explain his actions; (3) he was denied effective assistance of counsel; and (4) he was denied due process of law when he was forced to defend his prior convictions. Response, Ex. 1. In a summary opinion entered November 23, 2005, and ordered published on January 5, 2006, the OCCA affirmed Petitioner's conviction and sentence for distribution of a cocaine (Count Three) but reversed and remanded with instructions to dismiss the conviction of conspiracy to distribute a controlled dangerous substance (Count Four) on grounds of insufficient evidence. Response, Ex. 3 (*McGee v. State*, Case No. F-2004-527, OCCA Summary Opinion dated November 23, 2005); *see also McGee v. State*, 127 P.3d 1147 (Okla. Crim. App. 2006).

Thereafter, Petitioner filed an application for post-conviction relief in the state district court asserting (1) ineffective assistance of appellate counsel; (2) improper imposition of sentence; (3) prosecutorial misconduct; and (4) imposition of a fine not authorized by law. Response, Ex. 4. The district court denied the application. *Id.*, Ex. 5. Petitioner appealed, and the OCCA affirmed the district court's decision, holding that

---

[6]On May 24, 2004, after Petitioner was sentenced, but before his direct appeal brief was filed in the OCCA, Petitioner filed a mandamus proceeding in the OCCA alleging that (1) his convictions on Counts Three and Four following jury trial violated the prohibition against double punishment; (2) prosecutorial misconduct for failure to dismiss the supplemental information; and (3) the State failed to follow the terms of its original plea agreement to dismiss the second page information. Response, Ex. 16 at 2 (OCCA Order Assuming Original Jurisdiction and Denying Request for Writ of Mandamus). By order entered August 2, 2004, the OCCA denied Petitioner's request for mandamus relief, finding that Petitioner raised claims "that may be remedied upon direct appeal." *Id.* at 3.

consideration of all issues raised on direct appeal was barred by the doctrine of *res judicata*, and that Petitioner waived consideration of all other issues which could have been previously asserted. *Id.*, Ex. 7 at 3. Additionally, the OCCA held that Petitioner had failed to establish that he had been denied effective assistance of appellate counsel. *Id.*, at 3-4 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Petitioner's Claims

The facts set forth above establish that Petitioner is currently incarcerated, and serving one twenty-year term of imprisonment for his conviction at the 2004 jury trial of distribution of a cocaine (Count Three) in Case No. CF-2001-20, Stephens County District Court. However, with the exception of his double jeopardy claim, Petitioner does not challenge the conviction and sentence which he is currently serving; rather, he is attempting to challenge his previously vacated 2002 convictions pursuant to his guilty pleas. Petition at 1. The petition raises the following four grounds for relief: (1) following Petitioner's guilty plea, his certiorari appellate counsel, Kimberly Heinze, rendered ineffective assistance, Petition at 6; (2) Petitioner's trial following the withdrawal of his guilty pleas upon remand by the OCCA violated his constitutional protection against double jeopardy, *id.* at 7; (3) the January 2002 sentencing following Petitioner's guilty pleas violated his due process rights because the trial court used his prior convictions for enhancement purposes, *id.* at 9; and (4) at the January 2002 sentencing, the prosecutor breached the 2001 plea agreement to drop the second page alleging prior convictions.

Respondent states the petition is timely and that Petitioner's claims, with the exception of the double jeopardy issue in Ground Two, have been exhausted in state court. In responding to the merits of the petition, Respondent contends that the issue in Ground One concerning the effectiveness of Petitioner's certiorari appellate counsel is procedurally barred from habeas review, and alternatively, is moot. Response at 9-14. Respondent further contends that the double jeopardy issue in Ground Two is unexhausted but would be procedurally barred if presented to the state courts. *Id.* at 14-15. Finally, Respondent asserts that the issues raised in Grounds Three (improper sentence enhancement following guilty plea) and Four (prosecutorial misconduct at guilty plea sentencing) are moot. *Id.* at 16-19.

Discussion

I. Standard of Review

Generally, the Court's review of a federal habeas corpus petition is subject to two different types of analysis depending on whether a claim was heard on its merits by the state courts. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004); *Moore v. Gibson*, 195 F.3d 1152, 1163 (10th Cir. 1999). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas relief on a claim adjudicated on the merits in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). When the claim has not been raised before the state courts and thus not

addressed on the merits, the § 2254(d)(1) deference requirement does not apply, and the Court exercises its "independent judgment in deciding the claim." *Battenfield v. Gibson*, 236 F.3d 1215, 1220 (10th Cir. 2001).

I.  <u>Grounds One, Three and Four - Moot Claims</u>

As set forth, Petitioner is currently serving a twenty-year sentence for his conviction in Case No. CF-2001-20 of distribution of cocaine (Count Three) after former conviction of two or more felonies, following a jury trial in 2004. However, as noted by Respondent, the claims in Grounds One, Three and Four of the petition arise from the circumstances of Petitioner's guilty plea in 2001. In support of his claim in Ground One that appellate counsel Kimberly Heinze rendered ineffective assistance, Petitioner argues that after his direct appeal brief was filed and after he received a copy of the State's confession of error in response to the OCCA's order, he wrote Heinze a letter informing her that he "did not want to withdraw his guilty plea" but he did want "relief for errors that occurred during court proceedings – *i.e.*, breach of plea agreement, ineffective assistance of counsel, violation of the statutory prohibition against double punishment, breach of the (5)-year agreement for the waiver of preliminary, and the misrepresentations contained in the pre-sentence report." Petition at 6 and following inserted page; Petitioner's Reply at 3.[7] In Ground Three Petitioner alleges that his due process rights were violated at the January 2002 guilty plea sentencing. In support, Petitioner alleges that at his sentencing the prosecutor emphasized his prior convictions

---

[7]In his reply, Petitioner contends his claim in Ground One could not have been raised in the state courts before his post-conviction action because he did not receive a copy of his letter requesting Heinze to do so until January 26, 2006. Reply at 3.

8

and the trial court considered his previous criminal history in violation of the plea agreement. Petition at 9 and following inserted page. In Ground Four Petitioner alleges that his due process rights were violated by the prosecutor's misconduct, in violating the plea agreement. Petition at 11.

Respondent contends that the claim raised in Ground One is both procedurally barred and moot.[8] Response at 9. Respondent further contends that the claims in Grounds Three and Four should be denied as moot because Petitioner received relief on such claims – they were raised on certiorari appeal and the OCCA granted certiorari and remanded the case to the district court, directing that Petitioner be allowed to withdraw his guilty pleas. Response at 16-19. Respondent ultimately contends that there remains no basis for habeas relief with respect to the claims raised in Grounds One, Three and Four. Response at 13, 17, 18. The undersigned agrees.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)). The requirement that a petition present a "case or controversy" means that Petitioner must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted). "Mootness is a threshold issue because the existence of a

---

[8]Respondent argues that the issue is procedurally barred because in Petitioner's direct appeal following trial, he did not include a claim that his certiorari counsel was ineffective in persuading the state court to allow him to withdraw his guilty pleas rather than obtaining a modification of sentence; rather, he raised this claim for the first time in his subsequent post-conviction application. Response at 10. It is unnecessary to resolve the procedural bar issue because, as discussed herein, Petitioner fails to show that he suffered some actual injury that can be redressed by a favorable judicial decision in this regard.

9

live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

In Grounds One, Three and Four, Petitioner essentially argues that his constitutional rights were violated because the State's initial plea agreement was not specifically enforced following remand.[9] Petitioner does not dispute, however, that upon remand he appeared with counsel before the trial court, withdrew his guilty pleas, entered pleas of not guilty, and proceeded to trial. A petitioner who chooses to withdraw his original plea upon remand is placed back in the same position he was in prior to plea negotiations. *See Couch v. State*, 814 P.2d 1045, 1047 (Okla. Crim. App. 1991) (allowing defendant an opportunity to withdraw his plea where sentence under plea agreement was determined to be unconstitutional and noting that following the withdrawal of his plea defendant will be placed in same position as he was prior to plea negotiations) (citing *Ricketts v. Adamson*, 483 U.S. 1 (1986)).

The record in this case reflects that Petitioner made certain tactical decisions in the course of proceedings, including the decision to withdraw his guilty pleas and proceed to trial on the original charges after the OCCA granted his petition for a writ of certiorari. Petitioner is currently incarcerated based on a jury verdict following a trial, and therefore he is not in custody as a result of the errors raised with respect to the prior plea process. Thus, there is no further relief this Court could afford Petitioner through

---

[9]It is clear that Petitioner had no constitutional right to enforcement of the plea bargain following the OCCA's remand. *See Santobello v. New York*, 404 U.S. 257, 263 (1971) (whether a petitioner who succeeds in having his guilty plea vacated should be resentenced in accordance with the terms of the initial plea agreement or permitted to withdraw his plea is left to the discretion of the state court). The Supreme Court has specifically declined to hold that the Constitution compels specific performance where the prosecution withdraws a proposed plea bargain agreement. *Mabry v. Johnson*, 467 U.S. 504, 510 n.11 (1984) (citing *Santobello*, *supra*).

a favorable judicial decision with respect to the issues raised in Grounds One, Three and Four and there is no issue for this Court's determination.  Accordingly, the undersigned recommends that the claims raised in Grounds One, Three and Four be denied as moot. *See Romero v. Ward*, Nos. 07-6083, 07-6097, 07-6133, 2007 WL 2193686, at *2 (10th Cir. Aug. 1, 2007) (unpublished decision) (finding petitioner's double jeopardy claims were rendered moot by the OCCA's dismissal of petitioner's methamphetamine trafficking conviction); *Foote v. Ward*, No. 06-6228, 2006 WL 3530698, at *1 (10th Cir. Dec. 8, 2006) (unpublished decision) (finding petitioner's claim that he was incorrectly sentenced as habitual offender following his plea of no contest to first-degree burglary, intimidation of a witness, and two counts of domestic abuse assault and battery was rendered moot by sentencing court's explicit statement on remand that petitioner was not sentenced as repeat offender).

II.  Ground Two - Double Jeopardy

In the remaining claim, Petitioner alleges that "[t]he retrial of Petitioner's case violated his constitutional protection against Double Jeopardy." Petition at 7.  Petitioner states that during the appeal of his original conviction, he wrote a letter to certiorari appellate counsel requesting that she notify the OCCA through a supplemental filing that he did not want his guilty pleas withdrawn.  Nonetheless, he complains that "nothing was done to sustain Petitioner's guilty plea and the leniency provided by the agreement," and that he was "forced into a jury trial on the exact same charges he had pled guilty to on November 21, 2001 . . . ."  Petition at inserted page following p. 7.

Respondent contends that Petitioner's double jeopardy claim is unexhausted because Petitioner failed to raise this claim on direct appeal from his convictions after jury trial or in his appeal from the denial of his post-conviction application.[10] Respondent further contends that the state courts would now find such claim procedurally barred if raised in a second application for post-conviction relief, resulting in a procedural default of this claim on federal habeas review. Where an issue "may be more easily and succinctly affirmed on the merits," judicial economy counsels in favor of such a disposition. *Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (quoting *Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000)). In the interest of judicial economy, this aspect of Petitioner's claim is addressed on the merits. *See also* 28 U.S.C. § 2254(b)(2) (authorizing court to deny a petition notwithstanding petitioner's failure to exhaust).

The Double Jeopardy Clause of the Fifth Amendment, as applied to the States through the Fourteenth Amendment, protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *see also Anderson v. Mullin*, 327 F.3d 1148, 1153-54 (10th Cir. 2003). "It has long been settled, however, that the Double Jeopardy Clause's

---

[10]As noted by Respondent, the OCCA found that Petitioner could raise this claim on direct appeal but he failed to do so. Petitioner raised this claim in his mandamus action to the OCCA. Response, Ex. 16. Petitioner had other remedies at law to assert such claims, specifically, a direct appeal of his convictions following trial. *Id.* at 3. Petitioner did not include a double jeopardy claim in his direct appeal. *See* Response, Ex. 1. Additionally, his post-conviction appeal focused his claims on ineffective assistance of appellate counsel, improper imposition of sentence, prosecutorial misconduct and improper imposition of a fine. Response, Ex. 6 at 6-21. Although he briefly referred to his subsequent jury trial as a violation of the Double Jeopardy Clause, *id.* at 8, it does not appear the claim was presented in such a way as to sufficiently apprise the OCCA of a double jeopardy claim. Regardless, as discussed, *infra*, the claim is without merit.


general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to the conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988). The exception to this rule is that if the defendant's conviction is overturned on the sole ground that the government presented insufficient evidence to support the conviction, reprosecution on the same charge is barred, because the defendant was effectively entitled to a judgment of acquittal at the first trial. *Lockhart*, 488 U.S. at 39.

In this case, Petitioner was successful in his certiorari appeal to the OCCA. The OCCA remanded to the state court to allow Petitioner an opportunity to withdraw his guilty plea, not on grounds related to guilt or innocence, but because the terms of the plea agreement were not followed. Thereafter, Petitioner appeared in state court with counsel and entered a plea of not guilty. When he did so, he placed himself in the same posture as if the guilty pleas had not been entered. *Couch v. State*, 814 P.2d 1045, 1047 (Okla. Crim. App. 1991). Thus, Petitioner was once again facing the prospect of trial on four felony charges with a second page alleging three prior felony convictions. "[T]he Double Jeopardy Clause . . . does not relieve a defendant from the consequences of his voluntary choice." *United States v. Scott*, 437 U.S. 82, 99 (1978).

Petitioner's subsequent prosecution following the OCCA's remand to the district court did not violate double jeopardy principles; rather, it served "society's interest in giving the prosecution one complete opportunity to convict those who have violated its laws." *Arizona v. Washington*, 434 U.S. 497, 509 (1978). The undersigned finds that

Petitioner has failed to show that he is entitled to habeas relief on his double jeopardy claim in Ground Two.

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 20th of September, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of August, 2007.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE