**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHRISTOPHER DWAYNE McGEE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   CIV-06-807-R |
| | ) |
| **HASKELL HIGGINS, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

### O R D E R

Before the Court are the Report and Recommendation of United States Judge Bana Roberts entered August 31, 2007 [Doc. No. 15]; Petitioner's Objection to Report and Recommendation filed September 17, 2007 [Doc. No. 16]; and Respondent's Response to Petitioner's Objection to the Magistrate Judge's Report and Recommendation filed September 24, 2007 [Doc. No. 18] pursuant to this Court's Order of September 20, 2007 [Doc. No. 17]. The Magistrate Judge found that Petitioner's first, third and fourth grounds for relief were moot. She concluded that Petitioner's second ground for relief, that Petitioner's trial after he withdrew his guilty plea following a certiorari appeal, violated the constitutional prohibition against double jeopardy, was without merit. Accordingly, Magistrate Judge Roberts recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein be denied.

The essence of Petitioner's objection to the Report and Recommendation is that he instructed his appellate counsel during his certiorari appeal not to seek withdrawal of his guilty plea but to seek a sentence modification based upon the plea agreement that had been

made; that he never withdrew his guilty pleas and did not have counsel present with him when he allegedly withdrew his guilty pleas; that he told the state court magistrate at the preliminary hearing that he did not want his guilty pleas withdrawn but wanted the plea agreement kept; and that Petitioner's subsequent trial violated double jeopardy. Basically Petitioner claims herein that his counsel for the certiorari appeal was constitutionally ineffective and deprived him of a right to specifically enforce his original plea agreement. Petitioner claims he could not raise that claim or his double jeopardy claim until after January 26, 2006, when he received from OIDS a copy of a letter he wrote to his certiorari appeal counsel asking that the plea agreement be enforced.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections. To conduct that *de novo* review, the Court has carefully reviewed the entire record herein. The Court agrees with the Magistrate Judge that grounds for relief one, three and four included in the habeas petition herein are moot. The Oklahoma Court of Criminal Appeals (OCCA) in a summary opinion after Petitioner was convicted upon his guilty plea and sentenced in contravention of his plea agreement granted Petitioner's petition for a writ of certiorari and remanded with directions that Petitioner be allowed to withdraw his guilty plea to four charges filed in the District Court of Stephens County. Summary Opinion Granting Petition for Certiorari filed July 1, 2003 (Exhibit "10" to Respondent's Response to Petition for Habeas Corpus). The state court records reflect that following remand, Petitioner appeared with counsel before the trial court, withdrew his guilty pleas, entered pleas of not guilty and proceeded to trial. *See*

Exhibits "1," "2" and "3" to Respondent's Response to Petitioner's Objection to the Magistrate's Report and Recommendation; Exhibit "11" to Respondent's Response to the Petition for Writ of Habeas Corpus.  *See also* Exhibit "4" to Respondent's Response to Petitioner's Objection to the Magistrate Judge's Report and Recommendation ("Transcript of Examination Magistrate" summarizing preliminary hearing on November 18, 2003); Exhibit "7" to Respondent's Response to Petitioner's Objection to the Magistrate Judge's Report and Recommendation (excerpt of Transcript of Jury Trial Proceedings on April 26 and 27, 2004); Exhibit "3" to Respondent's Response to Petition for a Writ of Habeas Corpus (OCCA Summary Opinion indicating Petitioner was tried by jury and convicted of counts III and III in the District Court of Stephens County).  Indeed, at one point in his Objection to the Report and Recommendation, Petitioner admits that he "entered not guilty pleas after being charged with the same charges he had pled guilty to . . . ." Objection to the Report and Recommendation at p. 6.  Once Petitioner withdrew his guilty pleas, he was placed back in the position that he was prior to plea negotiations, *see* Report and Recommendation at p. 10, citing *Couch v. State*, 814 P.2d 1045, 1047 (Okla. Crim. App. 1991), so there was no plea agreement that could be enforced.  Having entered a plea of not guilty, proceeded to trial, been convicted, appealed the conviction and, had the conviction affirmed in part and reversed in part on appeal, claims pertaining to Petitioner's prior conviction and sentence entered on January 7, 2002 are moot, including Petitioner's claim that his counsel on his certiorari appeal was constitutionally ineffective.

The Court further concludes that the Magistrate Judge correctly analyzed Petitioner's double jeopardy claim on the merits. Following remand by the OCCA, withdrawal of Petitioner's guilty pleas and entry of pleas of not guilty, the State was free to try the Petitioner without violating the prohibition on double jeopardy because his original conviction and sentences entered on his guilty pleas were then a nullity. *See Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265, 272 (1988); *Dowdy v. Jones*, 198 Fed. Appx. 785, 787, 2006 WL 2900058 (10th Cir. Oct. 12, 2006) (No. 06-6218); *Robertson v. State*, 888 P.2d 1023, 1026 (Okla. Crim. App. 1995).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

**It is so ordered this 27th day of September, 2007.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE